Thank you, Your Honor. John Tenney Jr. on behalf of the petitioner Darrell Gillespie. Trying to read the room this morning, I wanted to say at the initial outset that I think the facts and the procedural history in this criminal case have been extensively briefed by both parties. I'm more than happy to go through them as the court desires. However, I believe that we can proceed to the central issue of this case without delaying the court's time. This prosecution of Mr. Gillespie was one of many individuals in the Southern District of West Virginia that was based upon various allegations of Hobbs Act robbery and multiple related criminal charges. The issue that we bring before the court today is whether or not one particular charge of the central issue is whether or not one particular charge of a 924c use of a firearm in a crime of violence can be maintained based upon a predicate offense of conspiracy to commit Hobbs Act robbery rather than an actual. That's a straw man. We agree you can't have a conspiracy as a crime of violence. We've already decided that. Yes, and I just to get the issue on the table, the argument would be from the government's point of view that the district court addressed count one conspiracy, count five the robbery, and count six the carrying of the firearm. And the count six was alleged both carrying the firearm and Pinkerton. And in order to get the Pinkerton theory, you had to go to count one to get conspiracy. And in order to get the crime of violence, you had to go to count five. Now, when I read the instructions on page 269, it looks like all three of those components were put together by the district court. But I'd love to hear your argument. I don't think you need to argue that conspiracy is not a crime of violence. We've already decided that. Very well. Well, thank you. Thank you, Your Honor. And I appreciate that. The the argument that is presented to the court here is that the jury was presented with both jury instructions, argument and a verdict form in which that they could find that the defendant was guilty of a crime of excuse me, a non 24 C violation of using a firearm in a crime of violence based upon conspiracy. You can look at the at the verdict form that was provided to the jury, and it's questions nine, 10 and 11 of the verdict form. And there is no reference in the verdict form to Pinkerton liability or any specific finding thereof. It was argued to the jury that conspiracy was sufficient based upon your comments, Judge Neumeier. We now know that that is insufficient. What the court did on the instructions is if you found conspiracy, then you could find a violation if you combine the robbery with the with the carrying of the firearm. It's a little complex, but I thought the jury verdict is what hurt you the most, because I thought clearly the jury found that he carried the firearm and and found all the elements necessary for it. I thought your argument was a statement that the court said that count one was a crime of violence. Yes, but in the context, if you read where that was said and explain the very next phrase, he said, and count one and counts three, five and seven. In other words, the court put it together in order to communicate the and so the court used the conspiracy finding. If he's a conspirator, now you've got a Pinkerton theory, and then it is five and six for the crime of violence. I agree that it could have been done better. Well, your honor, I guess my and your argument is not frivolous. I appreciated that. Thank you. Uh, again, I refer back to the verdict form and the verdict form with regard to count six. The operative special interrogatories are questions nine, 10 and 11. And in question nine, they obviously find Mr Gillespie guilty of a Hobbs Act robbery. In question 10, they ask specifically if he used, carried or brandished a firearm and he was found not guilty explicitly. Therefore, in question 11, they refer back to count one of the indictment, which only says conspiracy to commit Hobbs Act robbery, period, paragraph. It does not include any elements of a Pinkerton theory of liability. The jury made no findings with regard to a Pinkerton theory of liability. We now know obviously that conspiracy to commit Hobbs Act robbery is not a crime of violence under the law. Conspiracy is necessary for a Pinkerton theory to take hold. I mean, you can't have a Pinkerton violation without a conspiracy. Correct. And the, however, I believe that the, so the fact that he mentioned the conspiracy, if that were all that was was mentioned, then that would be clear error. But if you, there's, you have to ask under Pinkerton whether the substantive crimes of co-conspirators were reasonably foreseeable. And in order to answer that question, Mr. Gillespie had to be a conspirator. In this instance, Your Honor, I believe that the question that was asked in the special interrogatory was, did you conspire? And the answer was yes. Did you? But you never objected to these instructions, did you? Well, trial counsel did not object to the instructions. No, Your Honor, we're operating under a plain error standard. And Mr. Tenney, do you, is it your contention? Well, let me rephrase. I don't understand you to be arguing that the Pinkerton instruction that was given was legally erroneous. Am I right about that? I hesitate to answer that question because what I am arguing is that with the Pinkerton instruction that was given, the jury needed only to find that the defendant conspired with his co-defendants. No, I understand that, Mr. Tenney, and I understand that you don't want to give away something inadvertently. But I guess as a description of how Pinkerton liability works, you don't contend there was anything wrong with the wording of the Pinkerton instruction, right? No, I guess, Your Honor, if I may respectfully, I just respectfully disagree with the premise. However, I understand that that is the precedent and I do not argue that it is incorrectly stated. And I guess one just follow up question on that. I don't understand you to have argued that the evidence in this case was legally insufficient. So put aside the 920, maybe this way, put aside 924C for a second. Let's just talk about Hobbs Act robbery. Yes, sir. I was insufficient to convict Mr. Gillespie of Hobbs Act robbery under a Pinkerton theory. I don't understand you. Am I correct in understanding you not to have argued that? I have not argued that. Thank you. And on the same token, you are not arguing that the elements for a 924C crime were not established. In other words, the court found, I mean, the jury found he was a conspirator. They found he committed Hobbs Act robbery in five, and they found that he carried a firearm either directly or through Pinkerton. Dave, I agree with you, Judge Niemeyer, with regard to the fact that they found that he conspired. They found that he was guilty of an actual Hobbs Act robbery. But we have a situation here where we're up here on plain arrow. And so the question I have is, how could this not be reasonably, how could the substantive offenses under Pinkerton, because you have to be a co-conspirator, has to be aware of the substantive offenses. But how could the substantive offenses of the co-conspirator, of the co-conspirators, not have been reasonably foreseeable to Mr. Gillespie? Now let's get under the third prong of a lino. Excuse me, I'm sorry. And then even if you get past that, under the fourth prong of a lino, how can we say that this, that this verdict here was a travesty of justice, which is what essentially the fourth prong of a lino requires? Because what you have, you have to have Mr. Gillespie as a co-conspirator. If that's all there was, you have a clear error under the law of this circuit. But that lays the predicate for Pinkerton liability. And the substantive crime here seemed to me, reading the indictment and looking at the language in count six and the rest, it seemed to me the substantive crimes of the co-conspirators had to be directly, had to be reasonably foreseeable, foreseeable to Mr. Gillespie. And I don't want the, I don't want to get ahead of myself, but count six is used, carried, or brandished firearms during a crime of violence on December 13, 2011. And as I understand it, the evidence was that on that particular date in Charleston, the robbers struck the victim in the head with a gun and stole several hundred dollars in cash, and that Gillespie directly participated in this robbery. And so the evidence here would fit with Pinkerton liability, when you look at the trial evidence. And I do think that the plain error makes it difficult for you, because you're supposed to, if you have a problem with the instructions and you think they're too confusing, that's something on the line that you're supposed to bring up to the trial judge and have it corrected. But you never did. Well, I don't know whether you trial counsel or not, but even if we get past the fact that the trial judge never had the chance to, was never brought to his attention to correct, what you now say is a mistake. How do we ever go under the fourth prong of Olano and say that essentially what happened here was a travesty of justice? Well, Your Honor, one, I was not trial counsel, but two, I believe it was raised in the charge conference with regard to objections to the instructions and were overruled. However, let me also respond in saying that with regard to the evidentiary questions, I believe, based upon both this court's and the Supreme Court's precedent, that is an inoperative question in the sense that we have a categorical approach that has been deemed relevant to these legal questions, which is not how the crime may have been committed. You have a categorical approach in this sense, and that is that using conspiracy alone as a predicate crime of violence in a 924c situation, that's categorically error. But I don't see the same question about categorical error surfacing in the Pinkerton business. That seems to me, unlike the conspiracy question, the Pinkerton question seems to me at the very least, a mixed question of law and fact, and that one of the questions you have to ask is whether the substantive crimes were foreseeable to Mr. Gillespie. And looking at the evidence-induced trauma, how can we possibly reverse on that ground on insufficiency of the evidence grounds? That's what I don't understand. Your Honor, I see my time has expired, Maverick. It has expired, but you have some time for rebuttal. Thank you, Your Honor. All right. Okay, Ms. Coleman, let's hear from you. Thank you, Your Honor. Police Court, Monica Coleman on behalf of the United States. Mr. Gillespie's conviction on count six should be affirmed because although the court did commit error when it instructed that Hobbs Act conspiracy is a crime of violence, it was not plain error. It did not affect Mr. Gillespie's substantial rights or the fairness and integrity of the trial process, and that the record is clear that the jury convicted Gillespie under a Pinkerton theory of liability. Ms. Coleman, can I ask you something that I just can't figure out about this case? Why was this erroneous instruction given at all? I mean, I literally don't understand why this instruction was given because as your brief lays out, the government had two theories of Hobbs Act robbery, one of which was that he held the gun, another of which is that he's liable under Pinkerton because his co-conspirator held the gun. How did this wrong instruction even make it into the jury instructions? Your Honor, I don't believe the court's instruction on Pinkerton is wrong. I think that... Oh no, I'm not saying that one. I'm saying the instruction where the court says, contrary to our holding, that conspiracy to commit Hobbs Act robbery is a crime of violence. How did that ever end up in the jury instructions? I honestly don't have a very good answer for that question other than the court gave the instruction that both were crimes of violence. It was not necessarily relevant in this case because... Yeah, that's the problem I see. I just don't see how it's even relevant under the government's theories of liability in this case. It is not relevant because count six, the account at issue here specifically charged the 924C was committed during in relation to the crime of violence that is Hobbs Act robbery. There is no mention of Hobbs Act conspiracy, and it specifically was dated December 13th of 2011, which related back to count five. The court in its instructions at J271 even instructed the jury that the charges of uses of firearms and crime of violence as alleged in counts four, six, eight, and 12 related back to the underlying charges of robbery affecting interstate commerce charged in counts three, five, seven, and 11, therefore making it clear that it's the Hobbs Act robbery underlying offenses that form the basis of the 924C. So when you take that, the indictment, and you also take the court's instruction on co-conspirator liability, and the court clearly instructed the jury that they had to find that Mr. Gillespie was part of conspiracy, and the United States had to approve the central elements of count six, and that specifically that the offense described in count six had been committed by a member of the conspiracy. The substance of crime was committed during the existence and in furtherance of the goals of the conspiracy, and at the time that was committed, Gillespie was a member of the conspiracy. That is clear pink. Ms. Coleman, I'm not sure this matter is given because Mr. that this argument has never been made, but can I ask you about the Pinkerton charge? Because many of our cases suggest that to be liable under Pinkerton, it's not enough that you have a conspiracy and that the person who did it is your co-conspirator. Many of our cases also say that it has to be reasonably foreseeable to you that your co-conspirator would do this. Now, I don't think there's really any factual dispute in this case that it would have been reasonably foreseeable to Mr. Gillespie, but when I look at the instruction, I don't see any reasonable foreseeability language. Do you agree with that? And if so, wouldn't it have been better to expressly say it has to be reasonably foreseeable to him? I believe the court instructed the jury that, um, the defendant had to be part of the conspiracy and that it had to be done. The fire was done in furtherance of the conspiracy. Um, and that sure, but I can, imagine situations where I'm part of a conspiracy and one of my co-conspirators does something absolutely bananas in furtherance of the conspiracy, but it was not reasonably foreseeable to me that he would go off and do that. Now, again, I don't think that's this case because I think it's pretty clearly reasonably foreseeable here, but, but am I correct that there was no foreseeability language in these instructions? Uh, off the top of my head, I don't, I don't believe that the court used that exact language, but I think that given the, um, the way that it was charged and the evidence and the court, the jury's finding in particularly, when you look at, um, the jury, the verdict form, there was a requirement that they found that count six was done, um, he was guilty out of the acts arising out of a co-conspirator. Not only did they have to find that Gillespie was part of the conspiracy, they actually, the verdict form put an additional element on the United States and that he required him to be found guilty of the conspiracy in count one, which is not a requirement under Pinkerton. He just had to be part of the conspiracy. But as I understand the evidence here, um, with respect to count six, that the evidence here was that, um, Gillespie directly participated in the December 13 Charleston robbery. I mean, he wasn't just a bystander or somewhere else. I thought he was, I thought that the evidence in the record, um, indicated he was a direct participant. That is correct, your honor. There was testimony of his co-conspirators, three of them, Robert Barcliff, Keith Glenn, and Brandon Davis, that Mr. Um, Gillespie directly participated in the December 13, 2011 robberies. The inconsistency. Judge Heightens raises a good question. I mean, you're going to, uh, you have a very strong case on the facts here and that that will, you know, could well, could well carry you through. But there, you know, this, this could have been tied up with a nicer ribbon. He could have used a reasonably foreseeable language. You didn't have to try to put in Hobbs Act conspiracy as a crime of violence, which isn't, you know, our cases are clear on the reasonable foreseeability. And our cases are clear on the fact that Hobbs Act conspiracy is not a crime of violence. And, you know, sometimes it helps, even though you've got a very strong case here, and sometimes it helps to turn square corners and to, for the government to get the case cleanly presented. And, you know, this, this could have been prettier than, than it was. You trial counsel. I'm sorry, Your Honor. Were you trial counsel? I was trial counsel, Your Honor. Yes. Okay. Well, I'm not, I'm not being critical of you. I'm just trying to say something that would be helpful. Yes, I agree, Your Honor, that it could have been done in a, in a better way. But the issue is whether or not it was plain error. And I think that's, that's the issue. And also the court in a number of cases has indicated that every instructional error is not cause for reversal. I mean, I don't know what the name of it is, but there's a string of cases that think, you know, that an instructional misstep that doesn't actually contradict something in a, in a basic way, that those are not structural errors, or those are not automatic instructional errors, are not automatically reversible errors, unless they give the jury a completely wrong view of the case. Well, that wasn't the situation here, here at all, because it was a, it was a case of omission of language that should have been included. But, you know, just, um, you know, Your Honor, you understand, I don't need to belabor the point, you understand. I do, Your Honor. I would point, though, when you look at the verdict form as a whole, it's clear that the jury understood the Pinkerton liability and the foreseeability to the, the reasonable foreseeability to the defendant. They convicted Mr. Gillespie in count five of robbery. They convicted him under Pinkerton in count six. But his co-defendant, Jamal Johnson, who was convicted in count one, was acquitted of all of his substantive robbery and 924C offenses, even though the Pinkerton theory was still applied to him, and even though they convicted him of the conspiracy. Clearly, Your Honor, we're not supposed to sort of shuffle between counts in this way. Um, United States v. Powell makes that point where, um, we, you know, often cases come up here and say, well, the jury verdict makes no sense because if you compare count so-and-so with count so-and-so, and if, and the, um, the Supreme Court likes us to look at the particular count that's in dispute and ask whether there's substantial evidence to support the jury's verdict on that count, rather than mixing and matching different, different counts. And the point I'm trying to make is that when you look at count six alone, and the way in which it was phrased, and the way in which it was indicted, and you look at count, that the evidence is very unfavorable to Mr. Gillespie. That's, that's the point. It's not necessarily comparing count, this count, this count, that count, what happened to this co-defendant. It's whether there's, whether there was evidence to support the jury's verdict on, under Pinkerton in count six. And there is. I believe that, Your Honor, that the evidence is overwhelming to support the jury's verdict as to count six, as to Mr. Gillespie. He would, there's the testimony of his three co-conspirators, Brandon Davis, Keith Lynn, and Robert Barcliff, that Mr. Gillespie participated in that robbery. There was conflicting testimony about who had the firearm, but all three testified that a firearm was used. The victim testified that four individuals entered his house and that a firearms were displayed. Well, he was, he was present at the robbery. He was part and parcel of the whole thing. That is correct. And the evidence to support that is, is overwhelming. And in fact, the jury convicted him of the robbery. There's one other saving grace to, so to speak, and not that we look for saving grace, but we're looking under the plein air rule, but I'm at 271 and the court says, if you find that the defendant under consideration is not guilty of the underlying charge of robbery affecting commerce, you shall not consider the corresponding charge of use of a firearm in a crime of violence. So the court clearly linked the two right there, that you had to find the robbery in five and you had, you should not consider 924C in six unless you find that robbery. So that linkage is pretty, pretty strong instruction to the jury. Yes, I believe the court made it clear that count six related back to count five on several occasions during the instructions and count five is clearly the robbery affecting interstate commerce and count six clearly charges robbery affecting interstate commerce. I believe that when you look at the indictment, the instructions and the verdict form as a whole, they all support that the court, that the jury convicted him under Pinkerton theory of liability. And this court should affirm his conviction on count six. All right. Thank you. I'm going to ask my co-panelists if they have any further questions and if they don't, I'm going to turn it back on to your, uh, uh, Mr. Tenney for, um, for rebuttal. Judge, do you have any further questions? I'm fine. All right. I do not either. You have some rebuttal time, so we'll hear from you. Thank you, your honor. And I'll, I will be very brief. Um, could I just ask you, uh, what page is the worst instruction that you're criticizing? Do you have that there by any chance? Uh, just in the JA, which, which language is it that you're particularly upset with? I'm, I, I challenged the instruct and I don't have the page number in front of me because I have all of the jury instructions in one, uh, particular instance. Um, but I, I, what I challenged, uh, your honor is the jury instruction that instructs the jury, uh, uh, plainly that conspiracy to commit, uh, Hobbs Act robbery is categorically a crime of violence. And that, that instruction is in there and it is in the jury instructions. And specifically, more specifically, what I challenge is the verdict form, which I believe, uh, uh, in, in, uh, contradiction to Ms. Coleman's statement, um, which in question 10 specifically asks if you found the defendant, Daryl E. Gillespie, not guilty of question nine, do not provide an answer to question 10. As to the charge of use of a firearm in a crime of violence in violation of title 18 United States code section 924 C contained in count six of the indictment arising out of the charge of robbery affecting interstate commerce in count five, we, the jury find the defendant, Daryl E. Gillespie, not guilty. Then in question 11, regardless of your answer to question 10, answer this question 11, if you found the defendant guilty of the charge of conspiracy to commit armed robbery in violation of title 18 contained in count one of the indictment, that becomes a finding of guilty. That would, of the record, that is the jury's finding as to the 924 C charge contained in count six of the indictment, which has resulted in a stacking sentence of Mr. Gillespie for his second 924 C based upon a finding that he was engaged in a conspiracy. It does not contain any language with regard to, uh, uh, well, which, which counts are you challenging? Actually, just thought you were challenging count six. That's what I'm, I'm referring to count six. It is contained in questions nine, 10, and 11 of the, of the special interrogatories. It is count six. Okay. Yes, sir. And then uh, therefore, uh, unless the, unless the court has any further questions, I believe that I've, I've, uh, taken up my time, but I will, uh, answer any questions that the court may have. All right. Thank you, Mr. Tenney. Um, and thank you very much, Ms. Coleman. We appreciate both of your arguments.
judges: J. Harvie Wilkinson III, Paul V. Niemeyer, Toby J. Heytens